FT. SMITH, SUBIACO & ROCK ISLAND RAILROAD COMPANY
*v.* SCROGGINS.

Opinion delivered November 28, 1921.

1. CARRIERS—LIABILITY OF INITIAL CARRIER.—Under Crawford & Moses' Dig., § 924, making the carrier issuing a bill of lading liable for loss or damage to the property caused by the negligence of connecting carrier, a railroad company issuing a bill of lading is liable for the negligence of a connecting carrier, though the bill of lading exempted the initial carrier from liability except for loss occurring on its own line.

2. CARRIERS—PARTIES.—In an action against an initial carrier to recover for damages to freight· caused by the negligence of a connecting carrier, it was not error to refuse to make the connecting carrier a party.

3. Carriers—damage to freight in transit—defense.—In an action against a carrier for injury to freight in transit, the carrier cannot excuse itself by showing difficulties or interferences in procuring cars for shipment.

4. Negligence—concurring causes.—It was not error to refuse to charge the jury that "where the injury for which compensation is sought was occasioned by different causes, for only one of which the defendant is individually responsible, the burden is upon the plaintiff to distinguish the damage resulting from the cause for which the. defendant is responsible from that resulting from other causes," as the instruction would ignore the question of liability for concurring negligence.

Appeal from Logan Circuit Court, Northern District; *James Cochran*, Judge; affirmed.

*E. H. McCulloch* and *James B. McDonough,* for appellant.

1. Under the stipulation in the bill of lading, there was no liability on the part of the appellant for any delay beyond its own line, and the court erred in holding to the contrary. Hutchinson on Carriers, §§ 229-235; 63 Ark. 326; 64 *Id.* 115; 84 *Id.* 423; 32 *Id.* 393; 35 *Id.* 402; 50 *Id.* 397; 87 *Id.* 339; Michie on Carriers, 3288; Elliott on Railroads § 1432; 10 Corpus Juris, pp. 529, 541. The delivery carrier is presumed to be liable. 118 Ark. 398.

2. Since the plaintiff introduced no proof that would enable the jury to separate the damages for which the defendant was liable from that for which it was not liable, the court should have directed a verdict in its favor. 118 Ark. 398; 63 *Id.* 65; 57 *Id.* 402; 117 *Id.* 638; 174 S. W. (Ark.) 547; 116 Ark. 82; 113 *Id.* 353; 179 U. S. 658; 181 Fed. 91.

3. The court erred in refusing to instruct the jury to the effect that where compensation is sought for an injury occasioned by defendant causes, for only one of which the defendant is responsible, the burden is on the plaintiff to distinguish the damages resulting from the cause for which the defendant is responsible from that resulting from other causes, etc. 4 Enc. of Ev. 11; 63 Ark. 65.

4. The court erred in refusing to give instruction 5 requested by appellant on the question as to an unusual and unprecedented press of business at the place of shipment during the time covered by the complaint. 81 Ark. 373; 77 *Id.* 357; 73 *Id.* 373; 64 *Id.* 576; 61 *Id.* 562; Hutchinson on Carriers, § 392; 4 Elliott on Railroads, § 1470; 6 Cyc. 372; 89 Ark. 466; 105 *Id.* 415; 91 *Id.* 180.

5. If the defendant was prevented from supplying cars sufficient for the movement of freight offered it, on account of war conditions, that was a defense in this case, and the court erred in refusing to instruct the jury on that subject. 6 Cyc. 445; Hutchinson on Carriers §§ 314-327.

6. Instructions 10 and 11 and 12 on the question of delay caused by press of business at the compress in Ft. Smith, and the embargo thereon, should have been given. 20 Wis. 594; 10 Ky. L. Rep. 1020; 105 Ark. 415; 144 Ky. 561; Michie on Carriers, 249.

7. On the question of the measure of damages the court erred in refusing to instruct the jury that it was the difference between the market price of the cotton when received for shipment and the market price thereof at the time it should have been delivered. 69 Ark. 150; 76 *Id.* 220; 74 *Id.* 358; 46 *Id.* 485; 54 *Id.* 22; 101 *Id.* 172; 90 *Id.* 452.

8. The defendant was not liable for any delay due to a cause not within its power to prevent, and the jury should have been so instructed. 47 Ark. 97.

9. The court erred in refusing to make the Arkansas Central Railway Company, the Director General and the Missouri Pacific Railroad Company parties defendant. 10 Corpus Juris, § 937 and cases cited.

*Cravens, Oglesby & Cravens,* for appellee.

1. Under the statute, C. & M. Digest § 924, the initial carrier is made absolutely liable for loss or damage caused by its own negligence or that of any connecting carrier to which the property accepted by the initial carrier shall pass, giving to the initial carrier a right of

action over against the connecting carrier on whose line the actual damage may have occurred.

2. Since the statute, *supra,* fixes liability on the initial carrier, it was immaterial, for the purposes of this case, for the jury to determine whether all or any part of the damage occurred on the line of the defendant.

3. Instruction 3 requested by appellant was not a correct declaration of the law. Moreover, there was no evidence on which to base it, since the proof showed that the entire damage occurred on defendant's line of railroad.

4. Damages are not sought in this case for delay, therefore an instruction on the subject of an unusual press of business at the place of shipment, etc., had no place in the instructions. The same reason justifies the refusal to give the instruction on the subject of interference with shipments on account of war conditions.

5. There was no evidence on which to base instructions 10, 11 and 12 on the question of press of business at the compress in Ft. Smith and the embargo there.

6. There was no evidence to base an instruction that defendant would not be liable for damages due to causes not within its control.

McCULLOCH, C. J. Appellant owns and operates a short-line railroad in Logan County, Arkansas, between the towns of Paris and Scranton, connecting at Paris with the road operated by the Arkansas Central Railway Company, running from Paris to Fort Smith. In the year 1919, appellee delivered cotton to appellant at Scranton for shipment to Fort Smith, and appellant issued bills of lading for through transportation over appellant's line from Scranton to Paris, thence over the line of the connecting carrier to Fort Smith. These bills of lading contained a stipulation to the effect that appellant's agreement was only to transport the cotton over its own lines, and would not be liable for loss, damage or injury not occurring on its own line of road. This is an action instituted by appellee against appellant to recover damages alleged to have been sustained by de-

preciation in the weight and value of the cotton and expense of rebaling the same resulting from alleged delay and exposure of the cotton to inclement weather while in transit. The damages were laid in the sum of $1,933.62, and the verdict of the jury awarded damages in the sum of $1401.43.

The testimony adduced by appellee was sufficient to establish the fact that the cotton was delivered to appellant at Scranton in good condition, and that it was considerably damaged and depreciated in value when it arrived at Fort Smith; that the cotton had to be re-picked and re-baled—"reconditioned"—as the witnesses term it, and that the damage amounted to the sum named in the complaint.

The principal ground urged for reversal is that, under the clause in the bills of lading exempting the initial carrier from liability, except for loss occurring on its own line, there can be no recovery, for the reason that the evidence does not show that any loss occurred while on appellant's line of railroad, and that the court not only erred in refusing to give a peremptory instruction, but also erred in refusing to give other requested instructions submitting that issue to the jury. In making this contention, counsel either overlooked or ignored the statute of this State, patterned to some extent after the Federal statute, making the initial carrier issuing the bill of lading liable for any loss or injury occurring during transportation over the line of a connecting carrier. Crawford & Moses' Digest, § 924. This statute provides that "when a railroad or other transportation company issues receipts or bills of lading in this State the common carrier, railroad or transportation company issuing such receipt or bill of lading shall be liable for any loss or damage or injury to such property, caused by its negligence or the negligence of any other common carrier, railroad or transportation company to which such property may pass, and the common carrier, railroad, or transportation company issuing any such receipt or bill of lading shall be entitled to recover, in a

proper action, the amount of any loss, damage or injury it may be required to pay to the owner of such property, from the common carrier, railroad or transportation company through whose negligence the loss, damage or injury may be sustained." Most of the numerous assignments of error are settled by the application of this statute, for the case was apparently tried below by appellant's counsel on the theory that there was no liability unless it was shown that the loss occurred on appellant's own line.

It is also insisted that the court erred in refusing to make the Arkansas Central Railway Company, the Director-General and the Missouri Pacific Railway Company, defendants. It is not shown why the Director General was sought to be made a party, but it is contended that the Arkansas Central Railway Company was a proper party, so that appellant could have judgment over and against it on proof that the loss occurred on its line. The statute does not require that the connecting carrier be made a party, but merely declares the liability of the connecting carrier to the initial carrier. There was no error in refusing to make the connecting carrier a party, for under the statute the right of action against the connecting carrier is preserved.

Error is assigned in the refusal of the court to give several instructions relating to the question of congestion of traffic to the extent that there was an interference in obtaining cars for shipment of commodities. This is not a suit for failure to furnish cars, but is one for damage which occurred during transportation where the carrier had received the commodity for transportation and given a bill of lading. Under those circumstances, the carrier cannot excuse itself by showing difficulties or interferences in procuring cars for shipment.

It is contended that the court erred in refusing to give the following instruction:

"When the injury for which compensation is sought was occasioned by different causes, for only one of which the defendant is individually responsible, the burden of

proof is upon the plaintiff to distinguish the damage resulting from the cause for which the defendant is responsible from that resulting from the other causes; and if the plaintiff has failed in this, your verdict should be for the defendant; and damages cannot be proved by the opinion or conclusion of witnesses.''

This instruction is erroneous, because it ignores the question of liability for concurring negligence. *Payne* v. *Orton, ante* p. 307. There was some evidence introduced by appellant tending to show that the cotton was damaged before delivery to the carrier and not after; but this instruction does not submit that issue, and the court was correct in refusing to give it.

Again, it is urged that the court erred in refusing to give certain requested instructions in regard to delay caused by an embargo laid by the compress company at Fort Smith. It is sufficient to say in regard to these assignments that there was no evidence to justify the submission of that issue to the jury.

There are other assignments, which we do not think are of sufficient importance to discuss in detail, as they are covered by the principles hereinbefore announced.

The judgment is affirmed.